*Staff Comment:* The proposed amendment would (1) add a reason for disqualification and (2) alter the present procedure for obtaining a second ruling after a judge refuses to disqualify himself or herself.

Proposed rule 912.2(e) would add as grounds for disqualification a situation in which the judge's former law clerk or an individual who was employed by the judge in some other capacity acts as attorney for a party. The period of disqualification is two years. The proposed amendment further provides that there is no disqualification simply because the judge's former employee is associated with a law firm representing a party.

Proposed subrule 912.3(c) requires the challenged judge to decide the motion for disqualification. In a court having two or more judges, after a denial of the motion, the challenging party may ask the chief judge to decide it and, when so requested, the chief judge must decide the motion unless the chief judge is the challenged judge. In such a circumstance, as well as in single-judge courts after the initial denial of the motion, the challenging party may ask that the motion be referred to another judge assigned by the state court administrator.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

JUNE 18, 1981

IN THE MATTER OF O'CONNELL. (Docket No. 60916.) The cause is remanded to the Judicial Tenure Commission for such further proceedings as it deems appropriate if the respondent is convicted of criminal charges on retrial. The Supreme Court does not retain jurisdiction. *Joseph F. Regnier,* Executive Director and General Counsel, for the Judicial Tenure Commission. *John D. O'Connell* for respondent.